## EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN v. BLUE LINE TRANSFER CO.

### No. 909.

District Court, W. D. Missouri, W. D.

Feb. 26, 1943.

Blake Williamson, of Kansas City, Kan., and Douglas Stripp (of Watson, Ess, Groner, Barnett & Whittaker), of Kansas City, Mo., for plaintiff.

J. Francis O'Sullivan, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Because of contradictory affidavits on specific factual questions, by memorandum opinion filed November 25, 1942, the parties were required to produce witnesses for the trial of such issues.

Pursuant to such memorandum the defendant has asked for the production· and inspection of certain documents of plaintiff in support of defendant's contention. These documents appertain to certain audits of the defendant's books which plaintiff was entitled to make while the policies were in force, and which, it is averred by defendant, were actually made. If such audits were made and if full and complete, then the plaintiff is not entitled to the relief sought by its motions heretofore filed.

It would be a simple matter for the plaintiff to produce the audits it actually made, if any, so that it might be determined whether it has the information it now seeks to obtain by an audit of defendant's books.

Counsel for the plaintiff has attempted the punitive doctrine of lex talionis in refusing to produce records, obviously competent, in the hearing until it has had an opportunity to make an inspection which its own contracts might forbid. At the hearing it can be determined whether or not, (a) plaintiff made audits at the time it had a right to make them, and (b) whether, if not made, it was denied that right by the defendant. If the latter should be established, then plaintiff should be given an opportunity to audit defendant's books. The defendant should be permitted to inspect the documents mentioned and same should be produced at the hearing, if one is made necessary.